# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| ALVIN HENDERSON | CIVIL ACTION NO. 3:14-cv-3318 |
|     LA. DOC # 181186 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| JOHNNY HEDGEMON | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se plaintiff Alvin Henderson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 20, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC).   He is incarcerated at the River Bend Detention Center (RBDC) and he complains that he was denied prompt and appropriate medical care by the defendants, Warden Johnny Hedgemon and Nurse Lena Middlebrook. He seeks compensatory damages and "to replace the medical staff with competent personnel..." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted  in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A .

### *Statement of the Case*

Plaintiff, a DOC inmate, put in a sick call request on April 7, 2014, complaining of a toothache. His name was added to the list of inmates awaiting dental care. On May 1, 2014 he inquired about the status of his sick call request and was told that he would be examined by the

dentist when the dentist comes to the facility.  On some unspecified date plaintiff submitted a second sick call request, this time complaining of a swollen throat. He was examined by a nurse, presumably Nurse Middlebrook, who diagnosed the problem as an abscessed tooth. Plaintiff insisted that the problem was in his throat, but the nurse disagreed.

Thereafter, on unspecified dates, plaintiff was twice escorted to the medical department by Captain Russell. The nurse, presumably Nurse Middlebrook, again concluded that the pain was caused by an abscessed tooth.

On June 26, 2014, plaintiff was examined by a physician. Antibiotics were prescribed; however, after some unspecified time, plaintiff claims that the antibiotics offered no relief.

On July 6, 2014, plaintiff "started spitting up blood from [his] throat" and he was immediately sent to the Lake Providence Hospital and from there to the LSU Medical Center in Shreveport where surgery was performed. According to plaintiff a fist-sized abscess on his throat was removed during emergency surgery.

On July 1, 2014, plaintiff submitted a first stage grievance complaining that he had submitted a sick call request concerning his toothache approximately 2 months ago. He claimed that he had not yet received treatment and the infection was moving through his glands. He claimed that his repeated requests for emergency treatment were denied. When he did not receive a response, he submitted an offender request form to Warden Hedgeman complaining about the institution's failure to respond to his July 1 grievance.

***Law and Analysis***

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He complains that Nurse Middleton and Warden Hedgeman, the only defendants identified herein, violated his Eighth Amendment right to be free from cruel and unusual punishment when they delayed treatment for his toothache and thereafter his infected throat.

The constitutional right of a convicted prisoner to timely and appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious

medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagrees with the diagnosis and treatment decisions of  Nurse Middlebrook and some unnamed physician who were responsible for his care and treatment.  His disagreement with these health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate  that the deliberate indifference resulted in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Plaintiff has alleged that as a result of the delay in receiving treatment for his toothache, he had to undergo surgery.  He does not otherwise indicate the nature of the harm he allegedly suffered as a result of the delay. In other words, his medical care complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### 3. Warden's Liability

Plaintiff's claims with regard to Warden Hedgeman are unclear.  On one hand, it appears that he faults the Warden in his supervisory capacity.  In other words, plaintiff faults the Warden for the alleged faults of his employees.  However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  In other words, to the extent that plaintiff seeks to sue Warden Hedgeman in his supervisory capacity, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the defendant.  This he has not done.

Plaintiff also appears to fault the Warden for his failure to adequately respond to plaintiff's grievance. Standing alone, this does not allege a Constitutional violation. Compare *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of

5

grievance procedures by prisons but not suggesting that such procedures are constitutionally

required);  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate

grievance procedures do not give rise to a liberty interest protected by the Due Process

Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no

entitlement to grievance procedures or access to any such procedure voluntarily established by a

state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a

prison grievance procedure is not a substantive right and "does not give rise to a protected liberty

interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v.

Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)*) (concluding regulations providing for

administrative remedy procedure do not create liberty interests in access to that procedure); and

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement

to a grievance procedure.").

In short, plaintiff's claims against the Warden are frivolous.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted

 in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** _**See, Douglass v. United Services Automobile Association**_**, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 26, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**